**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Ahmed Dia,

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.

No. CV-26-05753-PHX-MAA

**ORDER**

This action under 28 U.S.C. § 2241 challenges Petitioner's immigration detention. Petitioner alleges he entered the United States in June 2023, was detained by Border Patrol Officers and, after a short period of detention, was released on his own recognizance without conditions of supervised release. On July 26, 2026, Petitioner was re-detained without notice, an opportunity to contest his detention prior to being taken in custody, or any explanation that his circumstances had changed. Petitioner contends his re-detention violates his Fifth Amendment due process rights and seeks release from immigration detention. (Doc. 1.)

In their Response (Doc. 8), Respondents state they "do not oppose the habeas petition or Petitioner's request for a bond hearing."

The Court finds that Petitioner is not "seeking admission" such that he is subject to detention under § 1225(b)(2)(A). *See Hernandez Alvarez v. Warden, Federal Det. Center Miami*, 175 F.4th 1258, (11th Cir. 2026); *Castanon-Nava v. U.S. Dep't of Homeland Security*, 175 F.4th 828, (7th Cir. 2026); *Cunha v. Freden*, 175 F.4th 61, (2d Cir. 2026); *Echevarria v. Bondi*, CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282 (D. Ariz.

2025). Further, because Respondents do not address the issue of whether Petitioner was re-detained without a warrant and without due process, the Court finds the argument waived. *See N-E-M-B v. Wamsley*, CV-25-00989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."); *Soleimani v. Larose*, CV-25-03082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because, "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims"); *cf. Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) ("Jenkins abandoned her other two claims by not raising them in opposition to the County's motion for summary judgment.").

The Court will therefore grant the Petition and order Petitioner's immediate release from custody. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful] detention is, of course, release."); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ is to secure release from illegal custody.").

**IT IS ORDERED:**

(1) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

(2) Respondents must **immediately release** Petitioner from custody under the same conditions that existed before his detention.

(3) Respondents must provide a notice of compliance within **two days** of Petitioner's release.

. . . .

. . . .

. . . .

. . . .

(4) Any pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 25th day of August, 2026.

Honorable Michael A. Ambri
United States Magistrate Judge